**AFFIRM; Opinion Filed March 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01607-CV**

**DEBRA CHRIS MONTGOMERY KROUPA WILLIAMS, Appellant**

**V.**

**ROBERT WARD WILLIAMS, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-17651-S**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Debra Chris Montgomery Kroupa Williams (Debra) appeals a trial court order awarding monetary sanctions and attorney's fees to Robert Ward Williams (Robert). The appeal hinges on whether Debra violated an order issued in connection with the parties' divorce. In a single issue, she argues the trial court abused its discretion by sanctioning her because she acted in accordance with the trial court's written order. The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's order.

The trial court entered a Final Decree of Divorce in December 2007. Among other things, it ordered both Debra and Robert to execute and deliver documents to transfer specific pieces of property to one another. Although Robert executed the required Special Warranty

Deeds and Releases of Lis Pendens (the Documents), Debra did not sign two corresponding Deeds of Trust to Secure Assumption as she was ordered to do in the Divorce Decree.

The trial court subsequently conducted a conference with the parties' lawyers. The record includes testimony from a subsequent hearing that, during the conference, representations were made to the court that Debra was receiving medical care from Parkland Hospital and she would no longer be eligible for treatment from Parkland if the deeds conveying to her title of certain of the properties were filed of record. Debra's then–counsel of record, Paula Gaus, testified that the trial court judge, Judge Hanschen, proposed a solution to Debra's problem: the parties would put the Documents in the registry of the court so Debra would not have record ownership of the properties for purposes of qualifying for medical care at Parkland Hospital.[1]

To effectuate the plan, the trial court issued a Post Judgment Order on April 8, 2008 (April 2008 Order). The order, apparently drafted by Gaus, states in part:

3. The Court finds that certain deeds, releases of *lis pendans* [sic] and affidavits are necessary to execute the judgment of the Court, entered on December 20, 2007[.]
.....
6. The Court to hold all executed documents in the treasury [sic] of the Court.
7. The Court orders the District Clerk to hold all executed copies of all documents related to transfer of real property in this cause until further order of this Court,
   a. pending receipt of release or deed documents from necessary third parties who are not subject to the jurisdiction of the Court, or
   b. a verified request from one of the above-referenced parties accepting the documents without execution by said necessary third parties[.]

In August 2008, Debra provided the trial court with a verified request asking the judge to release the Documents from the court's registry. Debra did not receive a response. On August

---

[1] Gaus testified:

And Judge [Hanschen] said something like, well, if that's the issue, let's look at that issue. Let's not make this huge mess a mess over that issue. Let's see what we can do to fix that.

And, so, he came up with this idea that I will say this is what I perceived and I observed is Judge basically went, why don't we fix this? Why don't we put the deeds into the Registry of the Court so that you [Debra] don't have access to them for the purposes of Parkland if that's what all they care about is that you don't have access to your properties, and you'll still be able to get the medical care, if you think that's what you need. You'll be able to get the medical care that you need.

Gaus testified Debra agreed to put the Documents in the court's registry "in order to get the care from Parkland." Robert also agreed to the arrangement.

26, 2008, Gaus filed a motion of Debra's behalf to release the Documents. Although the trial court conducted a hearing on the motion, the court never granted the motion.

Having not obtained an order from the trial court, Debra retained another attorney who was a friend of hers, Ms. Nadine King-Mays, to attempt to retrieve the Documents. On May 28, 2009, without obtaining an order from the trial court, King-Mays presented the April 2008 Order and an affidavit executed by Debra to the manager of the District Clerk's Trust Office, George Vent, and succeeded in obtaining the Documents. King-Mays did not present an order releasing the Documents because the trial court never executed such an order.[2]

Over a year later, in June 2010, Robert filed a Request for Sanctions, Contempt and Order to Appear and Show Cause pursuant to Texas Government Code section 21.001(a), which gives courts "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders . . ." *See* TEX. GOV'T CODE ANN. § 21.001(a) (West 2004). A hearing was held on April 22, 2011, before a different judge. Four months later, the judge entered an order finding "that good cause exists to sanction [Debra] and IT IS ORDERED that the Request for Sanctions is GRANTED." The judge assessed a $5,000 fine plus $9,890 in attorney's fees.

We review the judge's sanction order for an abuse of discretion. *See Texas Mut. Ins. Co. v. Narvaez*, 312 S.W.3d 94, 97 (Tex. App.—Dallas 2010, pet. denied) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)). We may reverse the trial court's sanctions ruling only if the court acted without reference to any guiding rules and principals, such that the ruling was arbitrary or unreasonable. *Id.*

---

[2] The reporter's records include testimony from Vent stating that, at the time he released the Documents to King-Mays, he believed the date on the April 2008 Order was April 2009, and that the order was only a few weeks old. Knowing the order was more than a year old would have raised red flags in his mind.

Debra does not argue the evidence was insufficient to support the judge's order granting Robert's sanctions request; she does not assert the amount of sanctions imposed were inappropriate or unjust. Rather, Debra argues she obtained the Documents in compliance with the April 2008 Order, and thus that the trial court abused its discretion in sanctioning her. The essence of her position that paragraph 7 (including sub-paragraphs a and b) of the April 2008 Order provide three means of obtaining the Documents from the registry of the court; and that working through King-Mays, she properly obtained the Documents pursuant to the third means, set forth in sub-paragraph b. We disagree.

The April 2008 Order clearly states: "The Court orders the District Clerk to hold all executed copies of all documents related to transfer of real property in this cause *until further order of this Court . . .*" (emphasis added). Sub-paragraphs a and b of paragraph 7 merely indicate conditions on which the trial court may issue that "further order": if it received specific documents from "necessary third parties who are not subject to the jurisdiction of the Court . . ." or a verified request from one of the parties "accepting the documents without execution by said necessary third parties[.]" The April 2008 Order does not provide that Debra could retrieve the Documents simply by providing a verified request for release and not obtaining an additional order from the trial court.[3]

Debra's argument to the contrary is belied by her own actions: she sent a verified request and then had Gaus file a motion asking for the subsequent order she now contends she did not need. Only after her efforts proved unsuccessful did Debra retain King-Mays to try to obtain the Documents without an order from the trial court.

---

[3] Additionally, we observe Debra does not identify, before the trial court or here, the "necessary third parties" who were not subject to the trial court's jurisdiction but whose execution of the Documents she was willing to forgo.

Because April 2008 Order required Debra to obtain a further order of the court before retrieving the Documents from the court's registry and Debra violated the written order, the judge did not abuse his discretion by sanctioning Debra.

We overrule Debra's sole issue and affirm the trial court's order.

111607F.P05

<u>/Jim Moseley/</u>
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEBRA CHRIS MONTGOMERY
KROUPA WILLIAMS, Appellant

No. 05-11-01607-CV         V.

ROBERT WILLIAMS, Appellee

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-04-17651-S.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ROBERT WILLIAMS recover his costs of this appeal from appellant DEBRA CHRIS MONTGOMERY KROUPA WILLIAMS.

Judgment entered this 26th day of March, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE